UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOHAMAD E. TAHA, et al.,

    Plaintiffs,

v.                      Case No. 8:17-cv-1094-T-33AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER**

This matter comes before the Court sua sponte. On May 10, 2017, a person purporting to hold power of attorney for Plaintiffs Mohamad E. Taha and Sanna M. Yassin filed a Complaint against the United States of America. (Doc. # 1). For the reasons below, this action is transferred to the United States Court of Federal Claims.

**Discussion**

The Complaint alleges the United States owes Plaintiffs a tax refund. (Id.). Such an action arises under 28 U.S.C. 1346(a)(1). "Any civil action in a district court against the United States under subsection (a) of section 1346 of this title may be prosecuted only . . . in the judicial district where the plaintiff resides." 28 U.S.C. 1402(a)(1); see also Noonis v. United States, 539 F. Supp. 404, 405 (S.D. Cal.

1982) ("Venue is proper only in the judicial district in which the individual bringing the action resides.").

Because it was not evident where Plaintiffs reside, the Court ordered Plaintiffs to show cause why the action should not be transferred. (Doc. # 6). In response, Plaintiffs indicated Taha and Yassin returned to the United Arab Emirates, which is where Taha died. (Doc. # 7). The response, however, was not clear as to where Yassin resides. (Doc. # 8). So, the Court ordered Plaintiffs to file another supplement, this time clarifying where Yassin resides. (Id.). Plaintiffs timely filed the response and indicate Yassin resides in the United Arab Emirates. (Doc. # 11).

"A non-resident alien is defined as an individual whose residence is not within the United States." Williams v. United States, 704 F.2d 1222, 1226 (11th Cir. 1983). Further, "[a]n alien, for purposes of establishing venue, is presumed by law not to reside in any judicial district of the United States regardless of where the alien actually lives." Id. at 1225. Because Taha was a non-resident alien at the time of his death and Yassin currently is a non-resident alien, venue does not properly lie in this Court.

However, the Court notes Plaintiffs are not entirely deprived of a forum. They may bring their claims in the United

States Court of Federal Claims. 28 U.S.C. § 1346(a) (prescribing that United States Court of Federal Claims has concurrent jurisdiction with district courts to hear actions under § 1346(a)); Krapf v. United States, 604 F. Supp. 1164, (D. Del. 1985) (finding venue improper where plaintiffs seeking a tax refund moved out of the district before filing suit and resided out of the country at the time of filing suit).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

This action is **TRANSFERRED** to the United States Court of Federal Claims. The Clerk is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of June, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE